**United States District Court**
For the Northern District of California

*E-Filed 7/12/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ARMANDO VILLA,

        Plaintiff,

        v.

ALAMEDA COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

_____/

No. C 12-1272 RS (PR)

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

**INTRODUCTION**

    This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

No. C 12-1272 RS (PR)
ORDER DISMISSING COMPLAINT

1 be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

2 § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

3 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4      A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

5 to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

6 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

7 plausibility when the plaintiff pleads factual content that allows the court to draw the

8 reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting

9 *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions

10 cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

11 the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

12 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13 (1) that a right secured by the Constitution or laws of the United States was violated, and

14 (2) that the alleged violation was committed by a person acting under the color of state law.

15 *See West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **B.**    **Legal Claims**

17      Plaintiff alleges that defendants deprived him of adequate exercise time for one week

18 in September 2011. This is insufficient to state a claim for relief under § 1983. It is true that

19 the courts recognize that exercise is one of the basic human necessities protected by the

20 Eighth Amendment. *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). Some form of

21 regular exercise, including outdoor exercise, "is extremely important to the psychological

22 and physical well-being" of prisoners. *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir.

23 1979). Prison officials therefore may not deprive prisoners of regular exercise. *Toussaint v.*

24 *McCarthy*, 597 F. Supp. 1388, 1393 (N.D. Cal. 1984).

25      Being deprived of exercise for one week does not constitute a constitutional

26 deprivation. Furthermore, defendants appear to have addressed his claim, as evidenced by

27 the papers plaintiff attached to his complaint. There is no indication, then, that defendants

28

**United States District Court**
For the Northern District of California

No. C 12-1272 RS (PR)
ORDER DISMISSING COMPLAINT

**United States District Court**
For the Northern District of California

1 will continue to deny plaintiff exercise time.

2    Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an

3 amended complaint within 30 days from the date this order is filed.  The first amended

4 complaint must address all the deficiencies listed above, and include the caption and civil

5 case number used in this order (12-1272 RS (PR)) and the words FIRST AMENDED

6 COMPLAINT on the first page.  Because an amended complaint completely replaces the

7 previous complaints, plaintiff must include in his first amended complaint *all* the claims he

8 wishes to present and *all* of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963

9 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may *not* incorporate material from the prior

10 complaint by reference.  Failure to file an amended complaint in accordance with this order

11 will result in dismissal of this action without further notice to plaintiff.

12    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

13 informed of any change of address by filing a separate paper with the clerk headed "Notice

14 of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

15 for an extension of time to do so.  Failure to comply may result in the dismissal of this action

16 pursuant to Federal Rule of Civil Procedure 41(b).

17    **IT IS SO ORDERED**.

18 DATED:  July 12, 2012

       RICHARD SEEBORG
19       United States District Judge